UNITES STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANDREW PASKOWSKI, et al.,

*Plaintiffs,*

vs.

C.A. No. 05-002L

JEFFREY DERDERIAN, et al.,

*Defendants.*

**ANSWER OF DEFENDANTS, TOWN OF WEST WARWICK, ANTHONY BETTENCOURT, AND DENIS LAROCQUE TO PLAINTIFFS' PRO FORMA COMPLAINT**

Now come defendants, Town of West Warwick, Denis Larocque, and Anthony Bettencourt ("Defendants"), and hereby respond to Plaintiffs' Pro Forma Complaint, adopting First Amended Master Complaint, as follows:

1. These Defendants make no response to the allegations contained in the unnumbered paragraph of that portion of the First Amended Master Complaint entitled, *Introduction*, in that said paragraphs serve as an introduction and therefore, no response is required. However, to the extent that these paragraphs contain any allegations against these Defendants, said allegations are expressly denied.

2. These Defendants make no response to the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105,

106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, and 240, of that portion the First Amended Master Complaint entitled, *Parties: Plaintiffs*, due to insufficient information, and leave Plaintiffs to their proof of same.

3. These Defendants make no response to the allegations contained in paragraphs 252, 253, 254, 255, 256, and 257, of that portion of Plaintiffs' Pro Forma Complaint entitled, *Parties: Plaintiffs*, due to insufficient information, and leave Plaintiffs to their proof of same.

4. These Defendants make no response to the allegations contained in paragraph 271 of that portion of the First Amended Master Complaint entitled, *General Allegations as to All Defendants*, due to insufficient information, and leave Plaintiffs to their proof of same.

5. These Defendants make no response to the allegations contained in paragraphs 272, 273, 274, 275, 276, 277, 278, and 279 of that portion of the First Amended Master Complaint entitled, *Jeffrey Derderian*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

6. These Defendants make no response to the allegations contained in paragraphs 280 and 281 of that portion of the First Amended Master Complaint entitled, *Count I: Jeffrey Derderian – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

7. These Defendants make no response to the allegations contained in paragraphs 282 and 283 of that portion of the First Amended Master Complaint entitled, *Count II: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

8. These Defendants make no response to the allegations contained in paragraphs 284, 285 and 286 of that portion of the First Amended Master Complaint entitled, *Michael Derderian*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

9. These Defendants make no response to the allegations contained in paragraphs 287 and 288 of that portion of the First Amended Master Complaint entitled, *Count III: Michael Derderian – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

10. These Defendants make no response to the allegations contained in paragraphs 289 and 290, of that portion of the First Amended Master Complaint entitled, *Count IV: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

11. These Defendants make no response to the allegations contained in paragraphs 291, 292, and 293 of that portion of the First Amended Master Complaint entitled, *DERCO, LLC*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

12. These Defendants make no response to the allegations contained in paragraphs 294 and 295 of that portion of the First Amended Master Complaint entitled, *Count V: DERCO, LLC – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

13. These Defendants make no response to the allegations contained in paragraphs 296 and 297 of that portion of the First Amended Master Complaint entitled, *Count VI: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

14. These Defendants make no response to the allegations contained in paragraphs 298 and 299 of that portion of the First Amended Master Complaint entitled, *Howard Julian*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

15. These Defendants make no response to the allegations contained in paragraphs 300 and 301 of that portion of the First Amended Master Complaint entitled, *Count VII: Howard Julian – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

16. These Defendants make no response to the allegations contained in paragraphs 302 and 303 of that portion of the First Amended Master Complaint entitled, *Count VIII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

17. These Defendants make no response to the allegations contained in paragraphs 304, 305, 306, and 307 of that portion of the First Amended Master Complaint entitled, *Triton Realty Limited Partnership*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

18. These Defendants make no response to the allegations contained in paragraphs 308 and 309 of that portion of the First Amended Master Complaint entitled, *Count IX: Triton Realty Limited Partnership – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

19. These Defendants make no response to the allegations contained in paragraphs 310 and 311 of that portion of the First Amended Master Complaint entitled, *Count X: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

20. These Defendants make no response to the allegations contained in paragraphs 312, 313, 314, and 315, of that portion of the First Amended Master Complaint entitled, *Triton Realty, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

21. These Defendants make no response to the allegations contained in paragraphs 316 and 317 of that portion of the First Amended Master Complaint entitled, *Count XI: Triton Realty, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

22. These Defendants make no response to the allegations contained in paragraphs 318 and 319, of that portion of the First Amended Master Complaint entitled, *Count XII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

23. These Defendants make no response to the allegations contained in paragraphs 320, 321, 322, and 323 of that portion of the First Amended Master Complaint entitled, *Raymond J. Villanova*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

24. These Defendants make no response to the allegations contained in paragraphs 324 and 325, of that portion of the First Amended Master Complaint entitled, *Count XIII: Raymond J. Villanova – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

25. These Defendants make no response to the allegations contained in paragraphs 326 and 327, of that portion of the First Amended Master Complaint entitled, *Count XIV: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that

any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

26. These Defendants make no response to the allegations contained in paragraphs 328, 329, 330, and 331, of that portion of the First Amended Master Complaint entitled, *Jack Russell*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

27. These Defendants make no response to the allegations contained in paragraphs 332 and 333, of that portion of the First Amended Master Complaint entitled, *Count XV: Jack Russell – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

28. These Defendants make no response to the allegations contained in paragraph 334 of that portion of the First Amended Master Complaint entitled, *Count XVI: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

29. These Defendants make no response to the allegations contained in paragraphs 335, 336, 337, 338, and 339, of that portion of the First Amended Master Complaint entitled, *Jack Russell Touring, Inc.*, in that said paragraphs are not directed to these Defendants and, thus,

no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

30. These Defendants make no response to the allegations contained in paragraphs 340 and 341, of that portion of the First Amended Master Complaint entitled, *Count XVII: Jack Russell Touring, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

31. These Defendants make no response to the allegations contained in paragraphs 342 and 343, of that portion of the First Amended Master Complaint entitled, *Count XVIII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

32. These Defendants make no response to the allegations contained in paragraphs 344, 345, 346, and 347, of that portion of the First Amended Master Complaint entitled, *Paul Woolnough*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

33. These Defendants make no response to the allegations contained in paragraphs 348 and 349, of that portion of the First Amended Master Complaint entitled, *Count XIX: Paul Woolnough – Negligence*, in that said paragraphs are not directed to these Defendants and, thus,

no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

34. These Defendants make no response to the allegations contained in paragraphs 350 and 351, of that portion of the First Amended Master Complaint entitled, *Count XX: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

35. These Defendants make no response to the allegations contained in paragraphs 352, 353, 354 and 355, of that portion of the First Amended Master Complaint entitled, *Manic Music Management, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

36. These Defendants make no response to the allegations contained in paragraphs 356 and 357, of that portion of the First Amended Master Complaint entitled, *Count XXI: Manic Music Management, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

37. These Defendants make no response to the allegations contained in paragraphs 358 and 359, of that portion of the First Amended Master Complaint entitled, *Count XXII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are

not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

38. These Defendants make no response to the allegations contained in paragraphs 360, 361, 362, and 363, of that portion of the First Amended Master Complaint entitled, *Knight Records, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

39. These Defendants make no response to the allegations contained in paragraphs 364 and 365, of that portion of the First Amended Master Complaint entitled, *Count XXIII: Knight Records, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

40. These Defendants make no response to the allegations contained in paragraphs 366 and 367, of that portion of the First Amended Master Complaint entitled, *Count XXIV: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

41. These Defendants make no response to the allegations contained in paragraphs 368, 369, 370, and 371, of that portion of the First Amended Master Complaint entitled, *Daniel*

*Biechele*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

42. These Defendants make no response to the allegations contained in paragraphs 372 and 373, of that portion of the First Amended Master Complaint entitled, *Count XXV: Daniel Biechele – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

43. These Defendants make no response to the allegations contained in paragraphs 374 and 375, of that portion of the First Amended Master Complaint entitled, *Count XXVI: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

44. These Defendants make no response to the allegations contained in paragraphs 376, 377, 378, 379, 380, 381, 382, 383, and 384, of that portion of the First Amended Master Complaint entitled, *Anheuser-Busch, Incorporated and Anheuser-Busch Companies, Incorporated*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

45. These Defendants make no response to the allegations contained in paragraphs 385 and 386, of that portion of the First Amended Master Complaint entitled, *Count XXVII:*

*Anheuser-Busch – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

46. These Defendants make no response to the allegations contained in paragraphs 387, 388, 389, 390, 391, and 392, of that portion of the First Amended Master Complaint entitled, *McLaughlin & Moran*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

47. These Defendants make no response to the allegations contained in paragraphs 393 and 394, of that portion of the First Amended Master Complaint entitled, *Count XXVIII: McLaughlin & Moran, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

48. These Defendants make no response to the allegations contained in paragraphs 395, 396, 397, 398, 399, 400, 401, and 402, of that portion of the First Amended Master Complaint entitled, *WHJY, Inc. and Capstar Radio Operating Company*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

49. These Defendants make no response to the allegations contained in paragraphs 403 and 404, of that portion of the First Amended Master Complaint entitled, *Count XXIX:*

*WHJY, Inc. and/or Capstar – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

50. These Defendants make no response to the allegations contained in paragraphs 405, 406, 407, and 408, of that portion of the First Amended Master Complaint entitled, *Clear Channel Broadcasting, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

51. These Defendants make no response to the allegations contained in paragraphs 409 and 410, of that portion of the First Amended Master Complaint entitled, *Count XXX: Clear Channel Broadcasting, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

52. These Defendants admit the allegation contained in paragraph 411 of that portion of the First Amended Master Complaint entitled, *Denis P. Larocque, Anthony Bettencourt and Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick*, to the extent that Mr. Larocque is a resident of West Warwick, Rhode Island. These Defendants deny the remaining allegations contained in said paragraph.

53. These Defendants admit the allegations contained in paragraphs 412, 413, and 424, of that portion of the First Amended Master Complaint entitled, *Denis P. Larocque,*

*Anthony Bettencourt and Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick.*

54. These Defendants deny the allegations contained in paragraphs 414, 415, 416,418, 419, 420, 421, 422, 423, and 425, of that portion of the First Amended Master Complaint entitled, *Denis P. Larocque, Anthony Bettencourt and Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick.*

55. These Defendants admit the allegation contained in paragraph 417 of that portion of the First Amended Master Complaint entitled, *Denis P. Larocque, Anthony Bettencourt and Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick*, to the extent that Anthony Bettencourt was employed as a special detail officer at The Station nightclub. These Defendants deny all remaining allegations contained is said paragraph.

56. These Defendants deny the allegations contained in paragraphs 426 and 427, of that portion of the First Amended Master Complaint entitled, *Count XXXI: Malcolm Moore, in His Capacity as Finance Director of the Town of West Warwick – Negligence.*

57. These Defendants deny the allegations contained in paragraphs 428 and 429, of that portion of the First Amended Master Complaint entitled, *Count XXXII: Denis P. Larocque, Fire Inspector – Negligence.*

58. These Defendants deny the allegations contained in paragraphs 430 and 431, of that portion of the First Amended Master Complaint entitled, *Count XXXIII: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2.*

59. These Defendants deny the allegations contained in paragraphs 432 and 433, of that portion of the First Amended Master Complaint entitled, *Count XXXIV: Anthony Bettencourt – Negligence.*

60. These Defendants make no response to the allegations contained in paragraphs 434, 435, and 436, of that portion of the First Amended Master Complaint entitled, *State of Rhode Island and Irving J. Owens, Fire Marshal*, in that said paragraphs are not directed to these Defendants and, thus, no response is required.[1] However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

61. These Defendants make no response to the allegations contained in paragraphs 437 and 438, of that portion of the First Amended Master Complaint entitled, *Count XXXV: State of Rhode Island – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

62. These Defendants make no response to the allegations contained in paragraphs 439 and 440, of that portion of the First Amended Master Complaint entitled, *Count XXXVI: Irving J. Owens – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

[1] The Motion to Dismiss filed by the State of Rhode Island and Irving J. Owens, Fire Marshal, was granted on November 17, 2005.

63. These Defendants make no response to the allegations contained in paragraphs 441, 442, 443, and 444, of that portion of the First Amended Master Complaint entitled, *Brian Butler*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

64. These Defendants make no response to the allegations contained in paragraphs 445 and 446, of that portion of the First Amended Master Complaint entitled, *Count XXXVII: Brian Butler – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

65. These Defendants make no response to the allegations contained in paragraphs 447, 448, 449, and 450, of that portion of the First Amended Master Complaint entitled, *TVL Broadcasting, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

66. These Defendants make no response to the allegations contained in paragraphs 451 and 452, of that portion of the First Amended Master Complaint entitled, *Count XXXVIII: TVL Broadcasting, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

67. These Defendants make no response to the allegations contained in paragraphs 453, 454, 455, and 456, of that portion of the First Amended Master Complaint entitled, *STC Broadcasting, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

68. These Defendants make no response to the allegations contained in paragraphs 457 and 458, of that portion of the First Amended Master Complaint entitled, *Count XXXIX: STC Broadcasting, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

69. These Defendants make no response to the allegations contained in paragraphs 459, 460, 461, 462, 463, and 464, of that portion of the First Amended Master Complaint entitled, *Barry H. Warner*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

70. These Defendants make no response to the allegations contained in paragraphs 465 and 466, of that portion of the First Amended Master Complaint entitled, *Count XL: Barry H. Warner – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

71. These Defendants make no response to the allegations contained in paragraphs 467 and 468, of that portion of the First Amended Master Complaint entitled, *Count XLI: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

72. These Defendants make no response to the allegations contained in paragraphs 469, 470, 471, and 472, of that portion of the First Amended Master Complaint entitled, *Count XLII: Luna Tech, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

73. These Defendants make no response to the allegations contained in paragraphs 473, 474, 475, 476, and 477, of that portion of the First Amended Master Complaint entitled, *Count XLIII: Luna Tech, Inc. – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

74. These Defendants make no response to the allegations contained in paragraphs 478, 479, 480, of that portion of the First Amended Master Complaint entitled, *Count XLIV: Luna Tech, Inc. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or

other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

75. These Defendants make no response to the allegations contained in paragraphs 481, 482, 483, and 484, of that portion of the First Amended Master Complaint entitled, *Count XLV: High Tech Special Effects, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

76. These Defendants make no response to the allegations contained in paragraphs 485, 486, 487, 488, and 489, of that portion of the First Amended Master Complaint entitled, *Count XLVI: High Tech Special Effects, Inc. – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

77. These Defendants make no response to the allegations contained in paragraphs 490, 491, and 492, of that portion of the First Amended Master Complaint entitled, *Count XLVII: High Tech Special Effects, Inc. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

78. These Defendants make no response to the allegations contained in paragraphs 493, 494, 495, 496, 497, and 498, of that portion of the First Amended Master Complaint

entitled, *Count XLVIII: American Foam Corporation – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

79. These Defendants make no response to the allegations contained in paragraphs 499, 500, 501, 502, and 503, of that portion of the First Amended Master Complaint entitled, *Count XLIX: American Foam Corporation – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

80. These Defendants make no response to the allegations contained in paragraphs 504, 505, and 506, of that portion of the First Amended Master Complaint entitled, *Count L: American Foam Corporation – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

81. These Defendants make no response to the allegations contained in paragraphs 507, 508, 509, 510, and 511, of that portion of the First Amended Master Complaint entitled, *Count LI: Leggett & Platt Incorporated – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

82. These Defendants make no response to the allegations contained in paragraphs 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, and 532, of that portion of the First Amended Master Complaint entitled, *Count LII: Leggett & Platt Incorporated – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

83. These Defendants make no response to the allegations contained in paragraphs 533, 534, and 535, of that portion of the First Amended Master Complaint entitled, *Count LIII: Leggett & Platt Incorporated – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

84. These Defendants make no response to the allegations contained in paragraphs 536, 537, 538, and 539, of that portion of the First Amended Master Complaint entitled, *Count LIV: L&P Financial Services Co. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

85. These Defendants make no response to the allegations contained in paragraphs 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 556, 557, 558, 559, and 560, of that portion of the First Amended Master Complaint entitled, *Count LV: L&P*

*Financial Services Co. – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

86. These Defendants make no response to the allegations contained in paragraphs 561, 562, and 563, of that portion of the First Amended Master Complaint entitled, *Count LVI: L&P Financial Services Co. – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

87. These Defendants make no response to the allegations contained in paragraphs 564, 565, 566, and 567, of that portion of the First Amended Master Complaint entitled, *Count LVII: General Foam Corporation – Negligence* , in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

88. These Defendants make no response to the allegations contained in paragraphs 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 584, 585, 586, 587, and 588, of that portion of the First Amended Master Complaint entitled, *Count LVIII: General Foam Corporation – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or

other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

89. These Defendants make no response to the allegations contained in paragraphs 589, 590, and 591, of that portion of the First Amended Master Complaint entitled, *Count LIX: General Foam Corporation – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

90. These Defendants make no response to the allegations contained in paragraphs 592, 593, 594, 595, and 596, of that portion of the First Amended Master Complaint entitled, *Count LX: General Foam, LLC – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

91. These Defendants make no response to the allegations contained in paragraphs 597, 598, 599, 600, 601, 602, 603, 604, 605, 606, 607, 608, 609, 610, 611, 612, 613, 614, 615, 616, and 617, of that portion of the First Amended Master Complaint entitled, *Count LXI: GFC Foam, LLC – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

92. These Defendants make no response to the allegations contained in paragraphs 618, 619, and 620, of that portion of the First Amended Master Complaint entitled, *Count LXII:*

*GFC Foam, LLC – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

93. These Defendants make no response to the allegations contained in paragraphs 621 and 622, of that portion of the First Amended Master Complaint entitled, *Count LXII: Foamex LP – Successor Liability for General Foam Corporation*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

94. These Defendants make no response to the allegations contained in paragraphs 623, 624, and 625, of that portion of the First Amended Master Complaint entitled, *Count LXIV: Foamex International Inc. – Liability for Foamex LP*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

95. These Defendants make no response to the allegations contained in paragraphs 626, 627, and 628, of that portion of the First Amended Master Complaint entitled, *Count LXV: FMXI, Inc. – Liability as General Partner*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

96. These Defendants make no response to the allegations contained in paragraphs 629, 630, and 631, of that portion of the First Amended Master Complaint entitled, *Count LXVI: PMC, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

97. These Defendants make no response to the allegations contained in paragraphs 632, 633, and 634, of that portion of the First Amended Master Complaint entitled, *Count LXVII: PMC Global, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

98. These Defendants make no response to the allegations contained in paragraphs 635, 636, 637, 638, 639, 640, 641, 642, and 643, of that portion of the First Amended Master Complaint entitled, *Count LXVIII: JBL Incorporated f/k/a James B. Lansing Sound, Incorporated d/b/a Professional – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

99. These Defendants make no response to the allegations contained in paragraphs 644, 645, 646, 647, and 648, of that portion of the First Amended Master Complaint entitled, *Count LXIX: JBL Incorporated – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or

other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

100. These Defendants make no response to the allegations contained in paragraphs 649, 650, and 651, of that portion of the First Amended Master Complaint entitled, *Count LXX: JBL Incorporated – Breach of Warranty*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

101. These Defendants make no response to the allegations contained in paragraphs 652, 653, 654, 655, 656, 657, 658, and 659, of that portion of the First Amended Master Complaint entitled, *Essex Insurance Company, Multi-State Inspections, Inc. and High Caliber Inspections, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required.[2] However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

102. These Defendants make no response to the allegations contained in paragraphs 660 and 661, of that portion of the First Amended Master Complaint entitled, *Count LXXI: Essex Insurance Company – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

---

[2] The motions to dismiss filed by Essex Insurance Company, Multi-State Inspections, Inc., and High Caliber Inspections, Inc., were granted on November 9, 2005.

103. These Defendants make no response to the allegations contained in paragraphs 662 and 663, of that portion of the First Amended Master Complaint entitled, *Count LXXII: Multi-State Inspections, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

104. These Defendants make no response to the allegations contained in paragraphs 664 and 665, of that portion of the First Amended Master Complaint entitled, *Count LXXIII: High Caliber Inspections, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

105. These Defendants make no response to the allegations contained in paragraphs 666, 667, 668, 669, 670, 671, 672, 673, 674, and 675, of that portion of the First Amended Master Complaint entitled, *Underwriters at Lloyd's, London and Gresham & Associates of R.I., Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

106. These Defendants make no response to the allegations contained in paragraphs 676 and 677, of that portion of the First Amended Master Complaint entitled, *Count LXXIV: Underwriters at Lloyd's, London – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or

other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

107. These Defendants make no response to the allegations contained in paragraphs 678 and 679, of that portion of the First Amended Master Complaint entitled, *Count LXXV: Gresham & Associates of R.I., Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

108. These Defendants make no response to the allegations contained in paragraphs 680, 681, 682, and 683, of that portion of the First Amended Master Complaint entitled, *ABC Bus, Inc. d/b/a ABC Bus Leasing, Inc.*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

109. These Defendants make no response to the allegations contained in paragraphs 684 and 685, of that portion of the First Amended Master Complaint entitled, *Count LXXVI: ABC Bus, Inc. d/b/a ABC Bus Leasing, Inc. – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

110. These Defendants make no response to the allegations contained in paragraphs 686 and 687, of that portion of the First Amended Master Complaint entitled, *Count LXXVII:*

*Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

111. These Defendants make no response to the allegations contained in paragraphs 688, 689, 690, and 691, of that portion of the First Amended Master Complaint entitled, *Superstar Services, LLC*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

112. These Defendants make no response to the allegations contained in paragraphs 692 and 693, of that portion of the First Amended Master Complaint entitled, *Count LXXVIII: Superstar Services, LLC – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

113. These Defendants make no response to the allegations contained in paragraphs 694 and 695, of that portion of the First Amended Master Complaint entitled, *Count LXXIX: Violation of Rhode Island General Laws Title 9, Chapter 1, Section 2*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

114. These Defendants make no response to the allegations contained in paragraphs 696, 697, 698, 699, 700, and 701, of that portion of the First Amended Master Complaint entitled, *Count LXXX: "John Doe" Defendants – Negligence*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

115. These Defendants make no response to the allegations contained in paragraphs 702, 703, 704, 705, and 706, of that portion of the First Amended Master Complaint entitled, *Count LXXXI: "John Doe" Defendants – Strict Liability*, in that said paragraphs are not directed to these Defendants and, thus, no response is required. However, to the extent that any negligence or other wrongdoing by these Defendants is intended or implied in said paragraphs, they are expressly denied.

116. These Defendants deny the allegations contained in paragraphs (a), (b), (c), (d), (e), (f), (g), and (h), of that portion of the First Amended Master Complaint entitled, *Prayers for Relief.*

117. These Defendants deny the allegations contained in paragraphs 1, 2, 3, and 4, of that portion of Plaintiff's Pro Forma Complaint entitled, *Prayers for Relief Submitted on Behalf of the Plaintiffs in Andrew Paskowski, et al. v. Jeffrey Derderian, et al., C.A. No. 03-148L (sic).*

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Defendants plead absolute and qualified immunity as a bar to the within complaint, including all forms of statutory immunity and common law immunity.

### SECOND AFFIRMATIVE DEFENSE

These Defendants plead the public duty doctrine as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiffs suffered injury or damage, such injury or damage was caused by intervening acts or omissions of third parties over whom these Defendants exercise no control and for whose conduct these Defendants bear no responsibility.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that these Defendants are not otherwise immune from liability, which liability is expressly denied, these Defendants assert that the monetary limitations on damages set forth in *R.I.G.L. § 9-31-1, et seq.*, applies to this action.

### FIFTH AFFIRMATIVE DEFENSE

These Defendants plead immunity and relief from responsibility, pursuant to *R.I.G.L. § 23-28.2-17.*

SIXTH AFFIRMATIVE DEFENSE

These Defendants assert that Plaintiffs have failed to state a cause of action.

SEVENTH AFFIRMATIVE DEFENSE

These Defendants assert that Plaintiffs have failed to demonstrate a causal relationship between Defendants alleged acts or omissions and Plaintiffs damages.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against these Defendants are barred, in whole or in part, because their alleged injuries and damages, if any, were proximately caused by their own negligence or other wrongdoing.

**These Defendants demand trial by jury.**

C.A. No. 05-002L

Defendants,
Town of West Warwick,
Anthony Bettencourt, and
Denis Larocque,

By their attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Answer to Plaintiffs' Pro Forma Complaint was sent via electronic mail on this ~~28th~~ 29th day of November 2005 to:

| | |
|---|---|
| Andrew J. Trevelise, Esq. | atrevelise@reedsmith.com |
| Anthony F. DeMarco, Esq. | tdemarco@conversent.net |
| Anthony R. Leone, Esq. | ricedolan@ricedolankershaw.com |
| Brian Cunha, Esq. | brian@briancunha.com |
| C. Russell Bengtson, Esq. | rbengtson@ckmlaw.com |
| Charles Redihan | credihan@KPRlaw.com |
| Chip Babcock, Esq. | cbabcock@jw.com |
| Curtis R. Diedrich, Esq. | cdiedrich@sloanewalsh.com |
| Donald J. Maroney, Esq. | dmaroney@kkrs.com |
| Edward Crane, Esq. | ecrane@skadden.com |
| Edward T. Hinchey, Esq. | ehinchey@sloanewalsh.com |
| Edwin F. McPherson, Esq. | emcpherson@m-klaw.com |
| Eva Mancuso, Esq. | emancuso@hwac.com |
| Fred A. Kelly, Jr., Esq., Steven M. Richard, Esq., and Ian C. Ridlon, Esq. | StationFireLitigation@nixonpeabody.com |

| | |
|---|---|
| Georgia Sullivan, Esq. | Georgia.Sullivan@thehartford.com |
| George Wolf, Esq. | gwolf@shb.com |
| Gerald C. DeMaria, Esq. | gdemaria@hcc-law.com |
| Gregory L. Boyer, Esq. | boyerlaw1@aol.com |
| Howard A. Merten, Esq. | Hmerten.station@psh.com |
| Howard Julien (pro se) | sohohomes@yahoo.com |
| James A. Ruggieri, Esq. | jruggieri@hcc-law.com |
| | so'donoghue@hcc-law.com |
| James H. Reilly, Esq. | jreilly@kkrs.com |
| James J. Restivo, Jr., Esq. | jrestivo@reedsmith.com |
| James R. Lee, Esq. | jlee@riag.ri.gov |
| James T. Murphy, Esq., Kelly N. Michels, Esq., and Thomas R. Bender, Esq. | stationfire@hansoncurran.com |
| Jessica L. Margolis, Esq. | mpotenza@debevoise.com |
| John R. Crockett III, Esq. | jcrockett@fbtlaw.com |
| John R. Mahoney, Esq. | johnmahoney@amlawllp.cm |
| Joseph J. McGair, Esq. | jjm@petrarcamcgair.com |
| Joseph V. Cavanagh, Jr., Esq. and Kristin E. Rodgers, Esq. | stationfire@blishcavlaw.com |
| Lawrence J. Cappuccio, Esq. | l.cappuccio@worldnet.att.net |
| Mark Cahill, Esq. | mcahill@choate.com |
| Mark C. Hadden, Esq. | mhadden@mhaddenlaw.com |
| Mark P. Dolan, Esq. | ricedolank@aol.com |
| Mark S. Mandell, Esq. | msmandell@msn.com |
| Mark T. Nugent, Esq. | mnugent@morrisonmahoney.com |
| Matthew F. Medeiros, Esq. | mfm@lmkbw.com |
| Max Wistow, Esq. | wvenditti@wistbar.com |
| Patrick T. Jones, Esq. | pjones@cmj-law.com |
| Paul Sullivan, Esq. | pvsullivan@morrisonmahoney.com |
| Ralph J. Monaco, Esq. | rmonaco.c-l@snet.net |
| Richard W. MacAdams, Esq. | rmacadams@mandwlaw.com |
| Robert T. Norton, Esq. | rnorton@sloanewalsh.com |
| Robert Reardon, Esq. and Robert Rimmer, Esq. | reardonlaw@aol.com |
| Ronald Langlois, Esq. and Lauren D. Wilkins, Esq. | Stationfire@smithbrink.com |
| Scott J. Tucker, Esq. | stucker@ths-law.com |
| Stephanie DiMaio Larivee, Esq. | singinglawyer@msn.com |
| Stephen Breggia, Esq. | sbreggia@bbglaw.us |
| Stephen P. Fogerty, Esq. | fogerty@halloran-sage.com |
| Stephen J. MacGillivray, Esq. | smacgillivray@edwardsangell.com |
| Stephen M. Prignano, Esq. | sprignano@edwardsangell.com |
| Steven Minicucci, Esq. | sminicucci@calvinolaw.com |

C.A. No. 05-002L

| | |
|---|---|
| Susan S. Wettle, Esq. | swettle@fbtlaw.com |
| T. Dos Urbanski, Esq. | durbanski@melicklaw.com |
| Thomas C. Angelone, Esq. | angelonelaw@aol.com |
| Thomas W. Lyons, Esq. | tlyons@straussfactor.com |
| Timothy A. Williamson, Esq. and Mark D. Tourgee, Esq. | aminchillo@itwlaw.com |
| W. Thomas McGough | tmcgough@reedsmith.com |