UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TAMMY PASSA, et al.<br>Plaintiffs<br><br>V.<br><br>JEFFREY DERDERIAN, et al<br>Defendants | : | C.A. No.: 03-148L |
| RONALD KINGSLEY, et al.<br>Plaintiffs<br><br>V.<br><br>JEFFREY DERDERIAN, et al<br>Defendants | : | C.A. No.: 03-208L |
| ANDREW PASKOWSKI, et al.<br>Plaintiffs<br><br>V.<br><br>JEFFREY DERDERIAN, et al<br>Defendants | : | C.A. No.: 05-002L |

**DEFENDANT, V. B. GIFFORD & COMPANY, INC.'S, RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' ADOPTED COMPLAINT**

Now comes defendant, V. B. Gifford & Company, Inc., and respectfully moves to dismiss plaintiffs' Adopted Complaint against this defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Defendant's Memorandum of Law is attached hereto and incorporated herein.

Defendant,
V. B. GIFFORD & COMPANY, INC.,
By its Attorneys:

William M. Heffernan, #2498
HEFFERNAN LAW OFFICES, P.C.
2145 Diamond Hill Road, Suite One
Cumberland, Rhode Island 02864
(401) 334-5600

HEFFERNAN LAW OFFICES, P.C.
2145 DIAMOND HILL RD.
SUITE ONE
CUMBERLAND, RI
02864
(401) 334-5600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TAMMY PASSA, et al.<br>Plaintiffs<br><br>V.<br><br>JEFFREY DERDERIAN, et al<br>Defendants | : | C.A. No.: 03-148L |
| RONALD KINGSLEY, et al.<br>Plaintiffs<br><br>V.<br><br>JEFFREY DERDERIAN, et al<br>Defendants | : | C.A. No.: 03-208L |
| ANDREW PASKOWSKI, et al.<br>Plaintiffs<br><br>V.<br><br>JEFFREY DERDERIAN, et al<br>Defendants | : | C.A. No.: 05-002L |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, V. B. GIFFORD & COMPANY, INC.'S, RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' ADOPTED COMPLAINT**

Travel of the Case

This litigation arises out of The Station nightclub fire in West Warwick, Rhode Island on February 20, 2003. On or about February 17, 2006, plaintiffs filed their Notice of Adoption of the Third Amended Master Complaint in Albert L. Gray, Administrator, et al. v. Jeffrey Derderian, et al., C.A. No. 04-312L. Count LXXXIV of the adopted Gray Complaint, in turn, adds V. B. Gifford & Company, Inc. (hereinafter "Gifford") as a defendant and asserts that Gifford negligently performed inspections of the nightclub premises "[a]t various times, including but not limited to August 27, 1999, . . . in conjunction with policies of liability insurance issued to the owner(s) and operators" of the nightclub.

HEFFERNAN
LAW OFFICES, P.C.
2145 DIAMOND HILL RD.
SUITE ONE
CUMBERLAND, RI
02864
(401) 334-5600

This Court has previously dismissed identical negligent inspection claims against other defendants in the Gray case on the grounds that the defendants, as a matter of law, did not owe the plaintiffs a common law duty of due care in inspecting the premises. See Gray v. Derderian, Decision and Order, dated November 9, 2005, and Decision and Order, dated December 6, 2005. Defendant Gifford now moves to dismiss the plaintiffs' Adopted Complaint for the same reasons previously asserted by the similarly-situated defendants in the Gray case and also on the grounds that this Court's prior rulings constitute the law of the case.

ARGUMENT

Plaintiffs' Claims Against Gifford Must Be Dismissed Pursuant To This Court's Earlier Decisions, Dated November 9, 2005 And December 6, 2005, And The Law Of The Case Doctrine.

Count LXXXIV of the Gray plaintiffs' Third Amended Master Complaint, adopted by the plaintiffs in this matter, sets forth the following allegations against the defendant Gifford:

> 719. Plaintiffs incorporate paragraphs 1 through 271 herein. Defendant V. B. Gifford & Company, Inc. (hereinafter "Gifford") is a corporation organized under the laws of the Commonwealth of Massachusetts and having sufficient minimum contacts with Rhode Island to be subject to this court's jurisdiction.
>
> 720. At various times, including but not limited to August 27, 1999, Defendant Gifford conducted inspections of The Station nightclub in conjunction with policies of liability insurance issued to its owner(s) and operators. Gifford was negligent in performing said inspections. Its negligence include[ed], without limitation:
>
> a. failing to adequately inspect The Station for safety hazards and fire/building code violations;
>
> b. failing to note the presence of highly flammable surface treatments;
>
> c. failing to note the inadequacy of exits;
>
> d. failing to note practices of overcrowding;
>
> e. allowing the use of dangerous pyrotechnic devices during performances at The Station;
>
> f. knowing of numerous dangerous conditions and fire hazards at The Station and failing to remedy those conditions or order the insureds to remedy them;

HEFFERNAN
LAW OFFICES, P.C.
2145 DIAMOND HILL RD.
SUITE ONE
CUMBERLAND, RI
02864
(401) 334-5600

g. failing to protect members of the public for the foreseeable risk of serious injury or death at The Station;

h. failing to adequately oversee, monitor, evaluate, train and/or retrain those performing inspections of The Station; and

i. other acts and failures to act that may become apparent after discovery.

721. Defendant Gifford, in undertaking to perform said inspections, recognized or should have recognized that the competent performance of the inspections was necessary for the protection of third persons, including Plaintiffs.

722. The applicable insureds, including Howard Julian and Michael Derderian, relied upon the results and recommendations of said negligently performed inspections.

723. The negligence of Gifford was a proximate cause of Plaintiffs' deaths and injuries.

Count LXXXIV's allegations against defendant Gifford are identical to those allegations previously asserted by the Gray plaintiffs against defendants Essex Insurance Company (hereinafter "Essex"), Multi-State Inspections, Inc. (hereinafter "Multi-State"), High Caliber Inspections, Inc. (hereinafter "High Caliber"), and Certain Underwriters At Lloyd's, London (hereinafter "Lloyd's). In response to motions to dismiss filed by those defendants, this Court conducted an exhaustive analysis of the duty of care that must be established in all negligence claims, and ruled that the defendants, as a matter of law, "did not owe the plaintiffs a common law duty of due care in inspecting the premises." See December 6, 2005 Decision and Order, pp. 7, 28; November 9, 2005 Decision and Order, pp. 10-12. The Court concluded that an insurer (or its inspector) who acts only for its own purpose cannot be charged with a duty to its insured or third parties unless its actions affirmatively create or enlarge a hazard. Id. Similarly, the Court found that to impose such broad liability upon insurance companies would undermine a key tenet of the liability insurance industry, that is, that insurers be required to pay only the finite amount agreed to in the policies that they issue. Id.

The Court also rejected plaintiffs' assertion that Restatement (Second) of Torts §324A and §323 impose a duty on defendants to act with due care toward third parties such as the plaintiffs. Instead, the Court concluded that §324A has not been adopted by the Supreme Court of Rhode Island and that §323, even if adopted in Rhode Island, applies to first party, rather than third party claims. Id., at pp. 14-15, 16.

HEFFERNAN
LAW OFFICES, P.C.
2145 DIAMOND HILL RD.
SUITE ONE
CUMBERLAND, RI
02864
(401) 334-5600

In their earlier motions to dismiss, the Gray defendants also argued that Rhode Island General Laws §27-8-15, entitled "Insurance inspections", immunized them from liability as "insurer[s], . . . [their] agents, employees, or service contractors", for conducting inadequate insurance inspections in connection with the issuance or renewal of insurance policies. This Court declined to accept the Gray plaintiffs' argument that §27-8-15 did not afford immunity to the defendants because it fell within the casualty insurance, rather than the liability insurance, chapter of the Rhode Island General Laws. Instead, the Court held that §27-8-15 reflected the general policy that insurers should not be held liable beyond the scope of their undertaking and that to exclude liability insurers "would be entirely inconsistent with the general policy of the statute." Id., at pp. 21-24.

Finally, the Court also rejected the Gray plaintiffs' reliance on two workers' compensation cases, Latour v. Commercial Union Insurance Co., 528 F.Supp. 231 (D.R.I. 1981), and Sims v. American Casualty Co., 206 S.E.2d 121 (Ga. Ct. App. 1974), aff'd sub nom., Providence Wash. Insurance Co. v. Sims, 209 S.E.2d 61 (Ga. 1974), because workers' compensation coverage is not an issue in the instant case. Id., at pp. 24-27.

As a result, the Court dismissed the Gray plaintiffs' negligent inspection claims against Essex, Multi-State, High Caliber, and Lloyd's.

Under the Law of the Case Doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Harlow v. Children's Hospital, 432 F.2d 50, 55 (1st Cir. 2005).

As noted above, plaintiffs' claims of negligent inspection against defendant Gifford are identical to the allegations previously asserted by the Gray plaintiffs against these other defendants. Defendant Gifford adopts and incorporates by way of reference the same arguments asserted by defendants Essex, Multi-State, High Caliber, and Lloyd's in their earlier motions to dismiss. In particular, Gifford asserts that Count LXXXIV of Gray plaintiffs' Third Amended Master Complaint fails to state a claim upon which relief can be granted because this defendant owed no common law duty of care to the plaintiffs, because R.I.G.L. §27-8-15 affords defendant statutory immunity as an agent, employee, or service contractor for conducting insurance inspections in connection with the issuance or renewal of insurance

HEFFERNAN
LAW OFFICES, P.C.
2145 DIAMOND HILL RD.
SUITE ONE
CUMBERLAND, RI
02864
(401) 334-5600

policies, and because imposition of the legal duty suggested by the plaintiffs would undermine fundamental principles of insurance law.

Since the plaintiffs herein have adopted the Gray plaintiffs' Third Amended Master Complaint, and the same issues that applied to the earlier moving Gray defendants also apply to defendant Gifford, the Court's prior rulings in favor of Essex, Multi-State, High Caliber, and Lloyd's constitute the law of the case. As such, defendant Gifford respectfully requests that its Rule 12(b)(6) motion to dismiss be granted on the grounds that Gifford owed no common law duty of care to the plaintiffs in inspecting the nightclub premises.

Respectfully submitted,
Defendant,
V. B. GIFFORD & COMPANY, INC.,
By its Attorneys:

William M. Heffernan, #2498
HEFFERNAN LAW OFFICES, P.C.
2145 Diamond Hill Road, Suite One
Cumberland, Rhode Island 02864
(401) 334-5600

HEFFERNAN
LAW OFFICES, P.C.
2145 DIAMOND HILL RD.
SUITE ONE
CUMBERLAND, RI
02864
(401) 334-5600

## CERTIFICATION

I, William M. Heffernan, hereby certify that true copies of the within Motion and Memorandum were forwarded via electronic mail to the following counsel on the 23rd day of June, 2006: William F. Burke, Esq. ; Karen A. Alegria, Esq. ; Kathleen C. Henry, Esq. ; Kevin Bowen, Esq. ; Kim M. Clarke, Esq. ; Lauren D. Wilkins, Esq., Ronald Langlois, Esq. ; Lawrence G. Cetrulo, Esq., Stephen T. Armato, Esq., Christopher A. D. Hunt, Esq. ; Lawrence J. Cappuccio, Esq. ; Marc DeSisto, Esq. ; Mark D. Cahill, Esq. ; Mark D. Tourgee, Esq., Timothy A. Williamson, Esq. ; Mark Hadden, Esq. ; Mark P. Dolan, Esq. ; Mark Parsky, Esq. ; Mark R. Ter Molen, Esq. ; Mark S. Mandell, Esq. ; Mark T. Nugent, Esq. ; Mark T. Reynolds, Esq. ; Matthew F. Medeiros, Esq. ; Max Wistow, Esq. ; Meghan H. Sullivan, Esq. ; Michael A. St. Pierre, Esq. ; Michael G. Sarli, Esq. ; Michael J. McCormack, Esq. ; Michael Potenza, Esq. ; Michael R. DeLuca, Esq. ; Nancy W. Hamilton, Esq. ; Patrick T. Jones, Esq. ; Paul V. Sullivan, Esq. ; Peter L. Resnik, Esq. ; Peter Schneider, Esq. ; Ralph J. Monaco, Esq. ; Richard W. MacAdams, Esq. ; Robert I. Reardon, Esq., Tracy L. Poppe, Esq. ; Robert T. Norton, Esq. ; Ronald J. Creamer, Esq., Ronald J. Resmini, Esq. ; Russell Bramley, Esq. ; S. Michael Levin, Esq. ; Scott J. Tucker, Esq. ; Stefanie DiMaio-Larivee, Esq. ; Stephen E. Breggia, Esq. ; Stephen J. MacGillivray, Esq. ; Stephen M. Prignano, Esq. ; Stephen P. Fogerty, Esq. ; Steven A. Minicucci, Esq. ; Steven W. Kasten, Esq. ; Susan S. Wettle, Esq. ; Suzanne O'Donoghuue, Esq. ; T. Dos Urbanski, Esq. ; Thomas C. Angelone, Esq. ; Thomas W. Lyons, Esq. ; Timothy B. Hardwicke, Esq. ; W. Thomas McGough, Jr., Esq. ; William A. Filippo, Esq. ; William E. O'Gara, Esq. ; Joseph V. Cavanagh, Jr., Esq., Kristin E. Rodgers, Esq. ; Andrew Trevelise, Esq. ; Ann Songer, Esq. ; Anthony F. DeMarco, Esq. ; B. Jon Enciso ; Benjamin V. White, III, Esq. ; Bennett R. Gallo, Esq. ; Brian Cunha, Esq. ; Bruce G. Tucker, Esq. ; Bruce P. Keller, Esq. ; C. Russell Bengtson, Esq. ; Carl A. Henlein, Esq. ; Charles Babcock, Esq. ; Charles N. Redihan, Esq. ; Christopher C. Fallon, Esq. ; Curtis R. Diedrich, Esq. ; Daniel Horgan, Esq. ; Daniel P. McKiernan, Esq. ; David A. Wollin, Esq. ; David E. Maglio, Esq. ; David T. Mitrou, Esq. ; Deborah Solmor, Esq. ; Dennis J. Roberts II, Esq. ; Donald J. Maroney, Esq. ; Earl H. Walker, Esq. ; Edward M. Crane, Esq. ; Edward T. Hinchey, Esq. ; Edwin F. McPherson, Esq. ; Eric Bradford Hermanson, Esq. ; Esquire Deposition Solutions ; Eva Marie Mancuso, Esq. ; Fred A. Kelly, Jr., Randall L. Souza, Esq., Steven M. Richard, Esq. ; George E. Wolf, III, Esq. ; Georgia Sullivan ; Henry M. Swan, Esq. ; Howard A. Merten, Esq. ; Howard Julian ; Ian C. Ridlon, Esq. ; J. Renn Olenn, Esq., Kate Harden, Esq. ; James A. Bigos, Esq. ; James A. Ruggieri, Esq. ; James H. Reilly, III, Esq. ; James J. Restivo, Jr., Esq. ; James R. Lee, Esq. ; James T. Murphy, Esq., Kelly N. Michels, Esq., Thomas R. Bender, Esq. ; John H. Brooke, Esq. ; John J. Cloherty III, Esq. ; John J. Flanagan, Esq. ; John J. Nazzaro, Esq. ; John P. Barylick ; John R. Crockett, III, Esq. ; John R. Mahoney, Esq. ; Joseph B. Burns, Esq. ; Joseph H. Aronson, Esq. ; Joseph J. Bellew, Esq. ; Joseph Krowski, Esq.; Ronald J. Resmini, Esq.; Steven M. Richard, Esq.; Joseph Krowski, Esq.; Edwin F. McPherson, Esq.; Eric B. DiMario, Esq.; Rajaram Suryanarayan, Esquire; Jon Enciso, Esq.

William M. Heffernan

HEFFERNAN
LAW OFFICES, P.C.
2145 DIAMOND HILL RD.
SUITE ONE
CUMBERLAND, RI
02864

(401) 334-5600